# BELLAVIA BLATT

## & CROSSETT, PC

LEONARD A. BELLAVIA
STEVEN H. BLATT
CAROL A. CROSSETT
SHAUN M. MALONE
CHARLES A. GALLAER*
PAULA WETSTEIN
JONATHAN A. TAND

*also admitted in New Jersey

200 OLD COUNTRY ROAD • SUITE 400
MINEOLA, NEW YORK 11501
www.DealerLaw.com

TELEPHONE 516-873-3000
FACSIMILE 516-873-9032

Counsel

THOMAS A. HOLMAN
MARK W. GAFFNEY
JANE K. CRISTAL
GAIL M. BLASIE
HEIDI T. JOHNSTON

October 8, 2015

**BY ECF**

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:    *Garcia v. Chrysler Capital LLC et al.*
>        **Case No. 15-cv-05949 (ER)**

Dear Judge Ramos:

We write on behalf of a defendant in this matter, B&Z Auto Enterprises LLC ("B&Z" or "defendant"). In accordance with Your Honor's Individual Motion Practice Rules and Local Rule III(A) regarding pre-motion applications, we submit this letter in response to co-defendant Chrysler Capital's request for leave to file a motion to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons to be discussed below, we join in that request, and request leave to file a similar motion on the same general grounds under which the co-defendant intends to move.

Defendant B&Z agrees with and adopts Chrysler Capital's reasoning as to why the plaintiff's complaint should be dismissed under Rule 12(b)(6), as a matter of law, with regard to plaintiff's claims based on alleged violations of New York's "usury" law (i.e., N.Y. General Obligations Law § 5-501). The retail installment contract entered into as between plaintiff Garcia and B&Z, the dealer, is not covered by the "usury" statute, because it is not defined as a loan, but rather it is a retail installment payment contract covered by New York's Motor Vehicle Retail Installment Sales Act (N.Y. Personal Property Law § 303), which statute has no maximum finance charge rate. A retail installment contract permitted under N.Y. Personal Property Law § 303 cannot be rendered illegal under the usury statute by virtue of a dealer's property interest in that contract being conveyed to another party. The rights of the parties to the contract are fixed at the time of execution, and cannot be altered by virtue of the transfer of one party's contractual rights to a third-party.

Notwithstanding the foregoing, it does not appear from the plaintiff's complaint that Mr. Garcia is asserting any claims against defendant B&Z under the usury statute (*see Complaint*, Claim I), despite alleging general facts that attempt to relate B&Z's right under the RISC to those of Chrysler Capital. However, to the extent that plaintiff has attempted to allege a direct usury claim against B&Z, B&Z will move to dismiss it on the above grounds.

Defendant B&Z would also move to dismiss the entire action against it due to lack of subject matter jurisdiction. The plaintiff has alleged diversity jurisdiction under 28 U.S.C. 1332(d)(2) (i.e., "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and is a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.") However, plaintiff has not alleged in its complaint any class action claims against defendant B&Z, but rather only against Chrysler Capital (see, e.g., Complaint, "Commonality and Predominance," paragraphs 67 et seq.)

Similarly, "diversity" jurisdiction over the state law claims against defendant B&Z pursuant to 28 U.S.C. 1332 is unavailable because both plaintiff Garcia and defendant B&Z are deemed citizens of New York, assuming that the "class action" exception to complete diversity under 28 U.S.C. 1332(d)(2) does not apply, which it does not. (As noted, plaintiff does not allege any class action as against defendant B&Z). Moreover, Garcia's claims against B&Z amount to contractual claims involving a $25,000.00 loan, which does not meet the jurisdictional requirement for the amount of damages at issue.

Neither does the court have supplemental jurisdiction over the state law claims against defendant B&Z under 28 U.S.C. § 1367, because to exercise it would be "inconsistent with the jurisdictional requirements of section 1332" (i.e., lack of complete diversity), pursuant to 28 U.S.C. § 1367(b).

For the foregoing reasons, defendant B&Z requests a pre-motion conference with the court to discuss the basis for the motion and to establish a briefing schedule. Please note that the court has already scheduled a pre-motion conference regarding defendant Chrysler Capital's motion to dismiss, which is October 21, 2015 at 11:30 a.m.

Thank you for your courtesy and time.

Respectfully submitted,

BELLAVIA BLATT & CROSSETT, P.C.


____/s/_____
Steven H. Blatt