

# W E I T Z
# &
# L U X E N B E R G

A   P R O F E S S I O N A L   C O R P O R A T I O N

• L A W   O F F I C E S •

700 BROADWAY     •     NEW YORK, NY 10003

TEL. 212-558-5500          FAX  212-344-5461

WWW.WEITZLUX.COM

October 14, 2015

**VIA ECF**

Honorable Edgardo Ramos
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      RE:   *Garcia v. Chrysler Capital LLC et al.*, **Case No.:1:15-cv-05949-ER**
              **Pre-Motion Conference on October 21, 2015**

Dear Judge Ramos:

      Together with our co-counsel Public Justice, P.C., we write on behalf of Plaintiff Franklyn Cabrera Garcia in response to Defendant Chrysler Capital LLC's letter dated October 6, 2015 (ECF No. 16), the Court's corresponding order dated October 7 (ECF No. 17), and Defendant B&Z Auto Enterprises, L.L.C.'s letter dated October 8 (ECF No. 18).  Mr. Garcia has stated viable claims for relief in accord with Fed. R. Civ. P. 8(a) against Chrysler Capital for usury in violation of N.Y. General Obligations Law § 5-501, deceptive acts or practices in violation of N.Y. General Business Law § 349, and unjust enrichment and against both Chrysler Capital and B&Z Auto for deceptive acts or practices, unconscionability, and violations of the Motor Vehicle Retail Instalment Sales Act, N.Y. Personal Property Law §§ 301–316. As set forth below, Chrysler Capital's legal arguments are without merit and factual questions preclude dismissal on the pleadings.  In addition, because the Court has subject matter jurisdiction over the class claims in the Complaint (claims I through III), it may exercise supplemental jurisdiction over the remaining non-class, state law claims (claims IV through VI) against both Chrysler Capital and B&Z Auto under 28 U.S.C. § 1367.

      B&Z Auto, as Chrysler Capital's agent, originated a usurious indirect loan with Mr. Garcia whereby he borrowed the purchase money for his vehicle from Chrysler Capital and Chrysler Capital paid that money directly to B&Z Auto.  Chrysler Capital was directly involved in the decision to finance Mr. Garcia's auto purchase; B&Z Auto's assignment of the retail installment sales contract ("RISC") to Chrysler Capital was pre-ordained; Mr. Garcia's payment obligation effectively has always been to Chrysler Capital; the RISC is a *de facto* loan

200 LAKE DRIVE EAST, SUITE 205 • CHERRY HILL, NJ 08002 • TEL 856-755-1115
1880 CENTURY PARK EAST, SUITE 700 • LOS ANGELES, CA 90067 • TEL 310-247-0921

2179-123

agreement; Chrysler Capital abused the form of the RISC; and Chrysler Capital employed this artifice to conceal its usurious intent.

Chrysler Capital's legal arguments are off base. First, whether a transaction is properly characterized as a "loan" subject to the usury statute is a question of fact for the jury. *Cope v. Wheeler*, 41 N.Y. 303, 309 (1869); *Bouffard v. Befese*, 976 N.Y.S.2d 510, 514 (N.Y. App. Div. 2014) ("[W]hen determining whether a transaction constitutes a usurious loan it must be considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit to give it."); *see Scott v. Lloyd*, 34 U.S. 418, 438 (1835) ("Courts, therefore, perceived the necessity of disregarding the form, and examining into the real nature of the transaction. If that be in fact a loan, no shift or device will protect it.").

Chrysler Capital exalts form over substance by labeling what is actually interest as a "credit charge" or "finance charge" and what is actually an indirect loan effectuated by the sham assignment of a RISC as a "credit sale." Moreover, multiple courts in New York have held that apparent credit sales of goods, including automobiles, were in substance indirect purchase loans subject to the usury laws. *Capitol Discount Corp. v. Rivera*, 38 Misc.3d 1226(A) (N.Y. Civ. Ct. Feb. 25, 2013) (unreported); *Ford Motor Credit Co. LLC v. Black*, 27 Misc. 3d 1211(A) (N.Y. Civ. Ct. Apr. 14, 2010) (unreported); *Universal Credit Co. v. Lowell*, 2 N.Y.S.2d 743 (N.Y. City Ct. 1938); *see also Carter v. Mike's Auto, Inc.*, 27 Misc. 3d 1212(A) (N.Y. City Ct. Feb. 26, 2010) (unreported) (acknowledging that the purchase of a car on credit could be subject to the usury statute).

Second, Chrysler Capital's focus on the RISC assignment and the pre-consummation credit check is overly narrow. The issue is not whether these two factors standing alone, or in combination only with each other, show the transaction to be a loan, but whether the "totality" of the transaction—considering not only these two factors—reveal its substance as a loan. *Bouffard*, 976 N.Y.S.2d at 514. More specifically, whether the transaction was indeed a loan depends on an analysis of factors including (i) the timing of the decision to assign the RISC and of the assignment itself; (ii) Chrysler Capital's involvement in the credit-approval process; (iii) whether sales tax was charged on the cash sale price or the credit sale price; (iv) whether Mr. Garcia was presented with the option to pay cash (i.e., whether a third-party loan was the only option offered to him); (v) whether B&Z Auto incurred any real risk of nonpayment; (vi) when B&Z Auto received the funds from Chrysler Capital; and (vii) whether the sale was deemed final only after the assignment was made and B&Z Auto received the funds from Chrysler Capital.

Third, Chrysler Capital cannot use the MVRISA as a liability shield. This statute provides an exception to the usury statute only for RISCs between "retail sellers" and "retail buyers" of automobiles. N.Y. Pers. Prop. Law § 301(5). Chrysler Capital sufficiently controlled B&Z Auto, as to Mr. Garcia's auto financing, such that B&Z Auto was Chrysler Capital's agent and thus Chrysler Capital is the real party in interest in Mr. Garcia's RISC. Because Chrysler Capital is a finance entity, not a "retail seller" of automobiles, it does not enjoy the protections of the MVRISA. That the MVRISA authorizes the assignment of RISCs is therefore irrelevant.

To the extent Chrysler Capital is denying that B&Z Auto was Chrysler Capital's agent, "the question of whether agency exists is a mixed question of law and fact." *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 264 F.3d 32, 36 (2d Cir. 2001) (applying

New York law). "Unless the material facts from which agency is to be inferred are undisputed, the question of agency should be submitted to the jury." *Mouawad Nat'l Co. v. Lazare Kaplan Int'l Inc.*, 476 F. Supp.2d 414, 420–21 (S.D.N.Y. 2007). Here, discovery is yet to begin and much is to be learned about the precise nature of Chrysler Capital's relationship with Chrysler-brand dealerships, including B&Z Auto. Consequently, dismissal on the pleadings for lack of agency would be premature. *See Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 217 (2d Cir. 2003).

B&Z Auto's arguments regarding subject matter jurisdiction are similarly misplaced. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, the Court has original jurisdiction over this civil action by virtue of 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act. Claims IV, V and VI, which all involve the same transaction by which Mr. Garcia purchased his vehicle ostensibly through a RISC with B&Z Auto but with the actual details of the purchase and financing dictated by Chrysler Capital, are closely related to the class claims (I through III) involving the same three-way transaction, the same auto purchase, and the same RISC. Thus, the original jurisdiction-conferring class claims arise from the same case or controversy as the non-class claims, and the exercise of supplemental jurisdiction over those non-class claims against both defendants is appropriate.

B&Z Auto suggests that 28 U.S.C. § 1367(b) deprives this court of subject matter jurisdiction over it, but this provision deals only with parties joined under Rules 14, 19, 20, and 24. It is inapposite where B&Z Auto is an original defendant and where the minimal diversity requirements of 28 U.S.C. § 1332(d), rather than the complete diversity requirements of § 1332(a), apply. Finally, none of the discretionary factors found at 28 U.S.C. § 1367(c) should cause this Court to decline to exercise jurisdiction over Mr. Garcia's claims against B&Z Auto, which are neither novel nor complex and do not predominate over the class claims in the case. *See Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (2d Cir. 1998).

We look forward to discussing these issues, and any others that may be raised, at the upcoming pre-motion conference.

Respectfully submitted,

Christopher B. Dalbey

Karla Gilbride

Copy to: All Counsel of Record (via ECF)